■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v IRVING STEWART, Appellant. [6 NYS3d 557]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated November 15, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Board of Examiners of Sex Offenders (hereinafter the Board) assigned a score of 0 to the appellant under risk factor 13 of the Board's standard Risk Assessment Instrument (hereinafter the RAI), which relates to "conduct while confined/supervised." The Board also assessed five points upon the appellant with respect to risk factor 2, which relates to "sexual contact with victim," on the ground that the predicate sex offense entailed no more than sexual contact on the outside of the victim's clothes. The Board calculated the appellant's overall score as 75 points, which presumptively placed the appellant in risk level two, based on the total of all the points that he had been assessed on the RAI, including those noted above.

The Supreme Court, after a hearing, determined that the appellant's sexual conduct in fact involved contact under the victim's clothing, so as to warrant the assessment of 10 points under risk factor 2, rather than the five points assessed by the Board. The Supreme Court, finding that the appellant's conduct while confined had been "unsatisfactory," also assessed 10 points under risk factor 13, rather than the zero points that the Board had assessed. The Supreme Court otherwise agreed with the content of the RAI and, thus, assessed a total of 90 points upon the appellant. Although the Supreme Court's assessment was 15 points more than the Board's assessment, the court's conclusions had no effect on the appellant's presumptive designation as a risk level two sex offender.

On appeal, the appellant does not challenge the five additional points that the Supreme Court assessed him under risk factor 2. Instead, he argues, in his first point, that his score on the RAI "should be reduced to 80 points" due to the improper assessment of 10 points under risk factor 13. While we agree with the appellant that the Supreme Court improperly assessed 10 points in connection with risk factor 13, the appellant's presumptive risk level still remains at level two. Thus, reclassification of the appellant to risk level one would still not be appropriate (*see People v Peterson*, 8 AD3d 1124 [2004]) unless the record also supported the appellant's second argument, which is that he is entitled to a downward departure.

There is a three-step process to be followed in determining whether a downward departure is appropriate (*see People v Gillotti*, 23 NY3d 841, 861 [2014]). "At the first step, the court must decide whether the . . . mitigating circumstances alleged by [the defendant] are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines. At the second step, the court must decide whether the [defendant] has adduced sufficient evidence to meet [his or her] burden of proof in establishing that the alleged . . . mitigating circumstances actually exist in the case at hand . . . . [A]t the third step, the court must exercise its discretion by weighing the . . . mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an [over-assessment] of the defendant's dangerousness and risk of sexual recidivism" (*id.* at 861 [citations omitted]).

Upon our application of the standards set forth in *People v Gillotti* (23 NY3d 841 [2014]), the record does not demonstrate the appellant's entitlement to a downward departure (*see People v Wyatt*, 89 AD3d 112 [2011]). The appellant failed to prove, by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d at 862-864), the existence of any mitigating circumstance "of a kind or to a degree not adequately taken into account by the guidelines" (*id.* at 861).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.